**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA LYNN KAIMI, | No. 16-15045 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00483-JMS-BMK |
| v. | |
| STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Hawaii state prisoner Donna Lynn Kaimi appeals pro se the district court's

judgment following a bench trial in her 42 U.S.C. § 1983 action alleging excessive

force. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

discretion the district court's evidentiary rulings. *Janes v. Wal-Mart Stores Inc.*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

279 F.3d 883, 886 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in excluding evidence of defendant Anderson's prior acts because it was "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

The district court did not abuse its discretion in admitting defendant Anderson's testimony concerning what could be seen when standing atop tables in the dining room because this was relevant evidence and Kaimi failed to establish that its probative value was substantially outweighed by the risk that it would be unfairly prejudicial. *See* Fed. R. Evid. 401 (standard for relevance); Fed. R. Evid. 403 (allowing relevant evidence to be excluded where its probative value is substantially outweighed by potential for prejudice).

The district court did not abuse its discretion in admitting Visitacion's testimony after non-party Visitacion had listened to the trial testimony of Kaimi because, even if Kaimi had invoked Federal Rule of Evidence 615 to exclude Visitacion from the courtroom, the record does not support a finding that Visitacion's testimony prejudiced Kaimi. *See* Fed. R. Evid. 615 (rule of exclusion of witnesses); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th

2                                                                                    16-15045

Cir. 2014) (evidentiary rulings are not reversed absent a showing of prejudice).

The district court did not clearly err in its credibility determinations because its determinations were "plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently").

We reject as unsupported by the record Kaimi's contentions concerning evidence of her medical condition and that the district court was biased against her.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**